IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

In re  
ROYCE LEE MAKISHIMA and TERRA ANN MAKISHIMA,

    Debtors.  
_____

GRACE MILES,

    Appellant,

  v.

ROYCE LEE MAKISHIMA and TERRA ANN MAKISHIMA,

    Appellees.  
_____/

No. 2:08-CV-01062 JAM

ORDER GRANTING MOTION TO DISMISS BANKRUPTCY APPEAL

    The matter is before the Court on a bankruptcy appeal. Appellant Grace Miles ("Appellant") seeks review of the bankruptcy court's order modifying the automatic stay to allow a final judgment to be entered in a state court action ("Stay Order"). Appellees Royce Lee Makishima ("Royce") and Terra Ann Makishima ("Terra") (collectively "Appellees") move to dismiss

1

the appeal on the basis that it is untimely.  Appellant opposes the motion.  For the reasons set forth below, Appellees' motion is GRANTED.[1]

## I.  PROCEDURAL BACKGROUND

On September 28, 2007, Appellees filed a petition for relief under Chapter 7 of the Bankruptcy Code, thereby commencing the underlying bankruptcy case.  Frederick J. Lucksinger was appointed as the Chapter 7 trustee in the bankruptcy case (the "Trustee") and continues to act in that capacity.  Prior to the commencement of the underlying bankruptcy case, Appellant initiated a civil action in San Mateo County Superior Court ("state court action") against Royce and A.G. Edwards & Sons, Inc. ("A.G. Edwards").  On October 12, 2007, a decision was issued by the state court adjudicating all claims asserted by Appellant in favor of Royce and A.G. Edwards.  The decision further found that Royce and A.G. Edwards were entitled to statutory costs.  However, before a final judgment could be entered, Appellees commenced the underlying bankruptcy case.  As a result, the state court action was automatically stayed pursuant to 11 U.S.C. § 362(a).

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

On March 21, 2008, Appellees and the Trustee entered into a stipulation to modify the automatic stay to allow a final judgment to be entered in the state court action.  On March 31, 2008, Appellees filed a motion with the bankruptcy court seeking to have the automatic stay modified in accordance with the stipulation.  On April 30, 2008, the bankruptcy court granted Appellees' motion and entered its Stay Order, permitting the state court action to proceed, including the entry of final judgment as to all parties thereto.  On May 13, 2008, Appellant filed a notice of appeal seeking review of the Stay Order.  On June 20, 2008, Appellees filed a motion to dismiss.  On July 25, 2008, Appellant filed an opposition.

## II.  OPINION

Appellees maintain that dismissal of the instant appeal is appropriate because Appellant did not file a timely notice of appeal of the bankruptcy court's Stay Order.  The Court agrees.

An appellant may petition the district court for review of a bankruptcy court's decision.  Fed.R.Bankr.P. 8013.  A district court has jurisdiction to review a bankruptcy court's decision pursuant to 28 U.S.C. § 158(a).  The timeliness of a notice of appeal is a question of law which is reviewed *de novo*.  <u>Saunders v. Band Plus Mortgage Corp. (In re Saunders)</u>, 31 F.3d 767 (9th Cir. 1994).   A party must file a notice of appeal of a

bankruptcy order, judgment or decree within 10 days of the filing of the challenged order.  Bankruptcy Rule 8002(a).  " 'The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order.' " In re Saunders, 31 F.3d 767 (quoting Anderson v. Mouradick (In re Mouradick), 13 F.3d 326, 327 (9th Cir. 1994)).  Because of the jurisdictional implications, the ten-day requirement in which to appeal a bankruptcy court order is strictly construed. Greene v. United States (In re Souza), 795 F.2d 855, 857 (9th Cir. 1986).

    Here, because the bankruptcy court's Stay Order was entered on April 30, 2008, Appellant's notice of appeal was due no later than May 10, 2008, the tenth day after the Stay Order was entered.  See In re Saunders, 31 F.3d 767 (when the period of time prescribed or allowed is greater than 8 days, intermediate Sundays, Saturdays, and legal holidays are counted in the computation).  Appellant, however, did not file her notice of appeal until May 13, 2008, 13 days after the Stay Order was entered.  Accordingly, the Court will dismiss Appellant's appeal as untimely.  Id. (dismissing as untimely appeal filed 12 days after entry of bankruptcy court order).  Because Appellant did not file a timely notice of appeal of the bankruptcy court's

Stay Order, this Court lacks jurisdiction to address the merits of that order.

## III. ORDER

For the reasons set forth above, Appellees' motion to dismiss is GRANTED.

IT IS SO ORDERED.

Dated:  August 11, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE